McKinney, J.,
delivered tbe opinion of tbe Court.
This was an action of “ forcible and unlawful entry and detainer.” It appears from tbe bill of exceptions, that botb parties set up claim to tbe premises in dispute, under conflicting titles. And it seems that each desired, by bis own act, to avail bimself of tbe supposed advantage of an actual possession..
In tbe spring of 1856, tbe plaintiff made a small enclosure of perhaps less than balf an acre, wbicb, in tbe spring of 1857, be sowed in oats; and shortly thereafter, tbe defendant made an enclosure of several acres, wbicb entirely surrounded tbe smaller enclosure of tbe plaintiff. And tbe question is, whether, upon this state of facts, tbe action can be maintained. His honor, tbe Circuit Judge, instructed tbe jury, in substance, that if no actual entry bad been made by tbe defendant into tbe plaintiff’s previous enclosure, and no violence, or threats tending to excite apprehension of danger to tbe plaintiff, if be continued to occupy his enclosure, bad been us.ed by tbe defendant, and tbe plaintiff’s enclosure remained untouched, and himself at liberty to enter thereon without fear of personal injury, tbe plaintiff could not maintain this action simply upon tbe ground that tbe defendant bad entirely surrounded *138 his enclosure by a fence. Under this instruction, the jury found for the defendant.
This instruction was clearly erroneous. The law recognizes no such doctrine. It is in contravention of the spirit and policy of the law. The plaintiff, by his enclosure, had acquired actual possession of so much of the land as was included therein; whether or not such possession was a trespass upon the defendant, is a question not material to the determination of the case. Admitting that it was, the law did not permit the defendant, by his own act, to arrest or obstruct the plaintiff’s possession. Actual force was not necessary. The law implies force in every unauthorized entry upon the premises of which another is in the peaceable possession; and likewise, in every unauthorized obstruction of such possession; and this is sufficient to support the action, in a case like the present.
The erection of the fence was, in law, a forcible and unlawful seizure of the possession of the plaintiff’s enclosure, and an ouster of his possession. The effect, in law, was, to exclude him from the occupation of the land, and such was the end designed, in fact.
His enclosure being impounded, so to speak, he could not have ingress or egress to and from it, without a direct act of defiance and hostility to the usurped rights of the defendant. To put an end to all such provoking and threatening scrambles for possession, was the object of the statute giving this action.
We think the action may well be maintained. Judgment reversed.